**Michael RODRIGUEZ, Plaintiff–Appellant,**

v.

**Edward J. GREENFIELD, Justice of the Supreme Court of the State of New York, New York County, Mary Bailey, Correctional Counselor of Marcy Correctional Facility, Marcy, New York, Anthony J. Annuci, Deputy Commissioner and Counsel of Correctional Services, Albany, New York, Charles Herrman, Senior Correctional Counselor of Marcy Correctional Facility, Marcy, New York, Eleanor Cannell, Deputy Superintendent for Programs of the Marcy Correctional Facility, Wilfredo Batista, Acting Superintendent of the Marcy Correctional Facility, Leighton M. Jackson, Attorney at Law, Brooklyn, New York, Terrence X. Tracy, Counsel for the New York State Division of Parole, Albany, New York, Larry Fallon, Senior Parole Officer at the Marcy Correctional Facility, Risa Sue. Sugarman, Chief of the Homicide Bureau of the County of Bronx, New York, Sean McSherry, King George, John Doe I, Gerald M. Burke, Anthony K. Umina, J. Kevin McNiff, Thomas Biddle, Maria R. Buchanan, Israel Gonzales, S. Earl Ezchelberger, John Doe III, Henry C. Raffalli and John Doe IV, Members of the New York State Parole Board, Albany, New York, John N. Byrne, Justice of the Supreme Court of the State of New York, Bronx County and Mark H. Snyder, Principal County Attorney, Defendants–Appellees.**

No. 99–0058.

United States Court of Appeals, Second Circuit.

March 23, 2001.

Present SOTOMAYOR, and KATZMANN, Circuit Judges, and CHIN, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from the judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED in part and VACAT-ED in part and the action is REMANDED for further proceedings and that appellant's motion for entry of default judgment is DENIED.

Plaintiff Michael Rodriguez, *pro se, in forma pauperis,* and incarcerated, appeals the judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *J.*), *sua sponte* dismissing his 42 U.S.C. § 1983 complaint in which he alleged, *inter alia,* that certain parole determinations violated his constitutional rights because such determinations were made upon an incomplete prison record. He also challenges on appeal two additional parole denials that he did not raise in the district court. Finally, he moves for entry of default judgment against the appellees because they did not file appellate briefs.

Rodriguez's complaint alleged that his constitutional rights were violated when five parole determinations were made—in 1990, 1992, 1994, 1996, and 1998—based on a prison record that was missing sixteen years of documentation (between 1971 and 1987) and a presentence investigation report. Rodriguez sought monetary damages and declaratory relief.

---

Michael Rodriguez, Otisville, NY, on the brief, pro se.

\* The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

In January 1999, the district court *sua sponte* dismissed Rodriguez's complaint pursuant to 28 U.S.C. § 1915(e), holding that the parole hearing allegations did not state a claim of constitutional magnitude because Rodriguez failed to allege that he was denied parole on the basis of false information as required by *Farinaro v. Coughlin*, 642 F.Supp. 276, 282 (S.D.N.Y. 1986).

Prior to the district court's decision, in November 1998, the New York State Supreme Court vacated Rodriguez's 1998 parole denial on the ground that the Division of Parole violated New York law by denying parole without reviewing Rodriguez's entire prison record. *See Rodriguez v. State of New York Division of Parole*, No. 5361–98 (N.Y.Sup.Ct.1998). It is not clear whether the district court considered or was even aware of this state court decision at the time it dismissed Rodriguez's complaint.

■ We affirm the district court's dismissal Rodriguez's claims concerning the 1990, 1992, 1994, and 1996 parole denials because, as required by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Rodriguez has not shown that these parole denials have subsequently been declared invalid.

Rodriguez's claim regarding the 1998 parole denial, unlike his claims concerning the earlier denials, is not barred under *Heck* because that denial was subsequently invalidated by the New York State Supreme Court. Consideration of his 1998 parole denial claim raises the question of whether a New York State prisoner has a liberty or property interest in having the Parole Board comply with its own statutory and regulatory guidelines in determining whether to grant or deny parole; specifically, whether Rodriguez has a due process right to have the Parole Board make its parole decisions after reviewing the sixteen years of missing prison records and a presentence investigation report in conformance with the procedures explicitly dictated by state statute in N.Y. Exec. Law § 259–i and 9 N.Y.C.R.R. § 8001.3(a). This is a question of first impression in this Circuit.

While the district court relied on *Farinaro v. Coughlin*, 642 F.Supp. 276 (S.D.N.Y.1986), to dismiss the 1998 parole denial claim, this Court has not explicitly adopted the approach of that case, which applied the three-part test set forth in *Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979), for determining when a prisoner has a constitutional right regarding information in his prison file. In any event, the district court's reliance on *Farinaro* was misplaced because that case involved inaccurate information relied upon in parole denials, while the instant case involves parole denials based on a substantially incomplete prison record in alleged contravention of state law and regulations.

Likewise, in *Barna v. Travis*, 239 F.3d 169 (2d Cir.2001), this Court recently held that no liberty interest exists in New York State's parole scheme because it does not create a legitimate expectancy of release. *Id.* at 170–71 (citing *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 11–13, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). This Court made such a ruling on the basis that the New York State parole scheme grants discretionary authority to the Parole Board to grant or deny parole. However, this discretion is not unlimited because, in making parole determinations, the Parole Board is required to consider various factors in a prisoner's institutional record. *See* N.Y. Exec. Law § 259–i. Our decision in *Barna* does not answer the question raised in this case because, in considering Rodriguez's 1998 parole denial, the Parole Board never considered a number of these fac-

tors—including, *inter alia,* program goals and accomplishments, academic achievements, vocational education, training or work assignments, therapy, and interpersonal relationships with staff and inmates—for at least sixteen of the thirty years in which the appellant has been incarcerated, as it was mandated to consider by state law.

In a similar, but not identical situation, the Eleventh Circuit held that although the relevant Alabama parole statute was framed in discretionary terms and, therefore, did not confer a liberty interest in a prisoner's right to parole in that state, that discretion was not unlimited. *See Monroe v. Thigpen,* 932 F.2d 1437, 1442 (11th Cir. 1991). The Court stated that a parole system "becomes constitutionally offensive . . . if the regulation is administered maliciously or in bad faith," and a parole board may not engage in "flagrant or unauthorized action." *Id.* at 1441–42 (internal quotation marks omitted). The Eleventh Circuit held that the parole board treated the prisoner "arbitrarily and capriciously in violation of due process" by relying upon false information in the prisoner's file in making its parole decision. *Id.* at 1442.

In the present case, the New York State Supreme Court found that the Parole Board engaged in unauthorized activities by making parole determinations absent a complete record. The due process issue with respect to missing records is an unsettled question in this and practically all other Circuits. This issue was not considered by the district court and has not been briefed by any party before this Court. We, therefore, find the most prudent course of action is to vacate the dismissal of appellant's 1998 parole denial

claim and to remand for the district court. We suggest that, on remand, the district court appoint pro bono counsel, assist appellant in effecting service on the defendants, and have the parties brief the due process, immunity and any other pertinent issues.[1]

Rodriguez also moved this Court to enter default judgment against defendants for their failure to file appellate briefs. Default judgment is inappropriate in this case; the defendants never appeared in this action because the complaint was dismissed *sua sponte* by the district court prior to service on the defendants.

For these reasons, we AFFIRM the district court's dismissal of appellant's claims regarding his 1990, 1992, 1994, and 1996 parole denials; we VACATE the district court's dismissal of appellant's claim concerning his 1998 parole denial and REMAND for further proceedings consistent with this decision; and we DENY appellant's motion for entry of default judgment.

1. We note that after the district court's dismissal, it appears that subsequent Parole Board denials occurred. On remand, the district court should consider allowing the ap-

pellant to amend his complaint to add any such subsequent parole denials that are not barred by *Heck.*